IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01920-LTB-RTG

RODISNEL QUINTANA GINARTE,

Applicant,

v.

WARDEN, AURORA CONTRACT DETENTION FACILITY,

Respondent.

---

**ORDER OF DISMISSAL**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge filed on July 20, 2026. (ECF No. 8). Applicant has submitted a filing entitled "Motion for Release" (ECF No. 9) which the Court liberally construes as a timely written objection to the Recommendation. The Court has therefore reviewed the Recommendation *de novo* in light of the file and record in this case. On *de novo* review the Court concludes that the Recommendation is correct.

Applicant informs the Court for the first time in his objection that he is subject to an order of removal. (*see* ECF No. 9 at 1). However, the removal order was issued on May 21, 2026. *See* United States Department of Justice Executive Office for Immigration Review (EIOR) Automated Case Information at https://acis.eoir.justice.gov/en/. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The removal

period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "During the removal period, the Attorney General **shall detain** the alien." 8 U.S.C. § 1231(a)(2) (emphasis added).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). But detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

As noted above, Applicant's order of removal issued on May 21, 2026. His current detention is therefore governed by 8 U.S.C. § 1231. Assuming without deciding that Applicant's removal order became administratively final immediately upon being entered on May 21, 2026, less than 90 days have passed since the removal order was issued, and Applicant's detention thus is mandatory under the relevant immigration statute. *See* 8 U.S.C. § 1231(a)(2). As a result, any claim that there is no legal basis for detention lacks merit.

To the extent Applicant claims that his prolonged detention violates his rights, the Court construes the claim as a due process claim under *Zadvydas*. But Applicant's

detention for less than six months since the order of removal was issued is presumptively reasonable under *Zadvydas*. And Applicant presents no well-pled allegations providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Zadvydas*, 533 U.S. at 701. He thus fails to overcome the presumption of reasonableness. *See e.g. Rodrigeuz v. Ceja*, No. 24-cv-01598-SBP, 2024 WL 6994875, at *4 (D. Colo. Aug. 12, 2024) (finding claim challenging detention for less than six months after order of removal became final is not ripe).

Accordingly, for the foregoing reasons, it is

ORDERED that the "Motion for Release" (ECF No. 9), which the Court liberally construes as a timely written objection to the Recommendation, is overruled. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 8) is accepted and adopted. It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) is denied and the action is dismissed *without prejudice* because Applicant fails to provide a clear statement of a cognizable habeas corpus claim. It is

FURTHER ORDERED that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED WITHOUT PREJUDICE to the filing of a motion seeking leave to proceed *in*

*forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 13th day of August, 2026.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court